IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BERNEST BENJAMIN

    Plaintiff,

v.                                                                         No. CIV 12-506 MCA/GBW

MARK CHELLHORN,
PATRICK JENNINGS,
and MIGUEL MONTOYA,

    Defendants.

**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL**

THIS MATTER comes before the Court on Plaintiff's Motion for Appointment of Counsel ("the Motion"). *Doc. 3.* The Court has reviewed the Motion and finds that it should be denied.

"There is no constitutional right to appointed counsel in a civil case. However, '[t]he court may request an attorney to represent any person unable to afford counsel.'" *Baker v. Simmons*, 65 F. App'x 231, 238 (10th Cir. 2003) (quoting 28 U.S.C. § 1915(e)(1)) (other citations omitted). "The decision to appoint counsel is left to the sound discretion of the district court." *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001). When deciding whether to grant a litigant's motion, the following factors guide the decision to appoint counsel in a civil case: (1) "the merits of the litigant's claims," (2) "the nature of the factual issues raised in the claims," (3) "the litigant's ability to present his claims," and (4) "the complexity of the legal issues raised by the claims." *Thomas v.*

*Brockbank*, 195 F. App'x 804, 807 (10th Cir. 2006) (quoting *Williams v. Meese*, 926 F. 2d 994, 996 (10th Cir. 1991)).  Finally, the "burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)).

In considering Plaintiff's motion for the appointment of counsel, the Court has carefully reviewed the Motion, relevant case law, and the pleadings filed in this case in light of the above-referenced factors.  The Court finds that none of the factors that inform a court's decision as to whether or not it should appoint counsel weigh in Plaintiff's favor.

Other than his own assertions, Plaintiff has offered no evidence that his claims have merit, and his assertions fail to persuade the Court.  The nature of the factual issues raised in his claims are relatively simple—he asserts that his parole and/or probation officers improperly rescinded his parole as the result of an improperly deficient investigation.  *Doc. 1* at 3.  Plaintiff has done nothing to show that he is unusually deficient in his ability to present his claims. Finally, at this point in the case, it would be premature to conclude that Plaintiff's claims raise legal issues that are unusually complex.  For these reasons, the Court will deny Plaintiff's Motion for Appointment of Counsel.

Wherefore, **IT IS HEREBY ORDERED** that Plaintiff's Motion, *doc. 3*, is **DENIED**.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE