IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BERNEST BENJAMIN III,

    Plaintiff,

v.                                        No. CIV 12-0506 MCA/GBW

MARK CHELLHORN,
PATRICK JENNINGS,
PROBATION AND PAROLE,
MIGUEL MONTOYA,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP"). The filing fee for this civil rights complaint is $350.00, and Plaintiff has submitted an initial partial payment pursuant to § 1915(b)(1). Under § 1915(b)(1), (2), Plaintiff must pay the full amount of the filing fee in installments. Based on the information in Plaintiff's filings, the Court will grant him leave to proceed IFP. For reasons set out below, Plaintiff's complaint will be dismissed without prejudice.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma,*

*Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff filed an original complaint and a motion to amend (Doc. 7). Because the Court's leave to amend is not required at this stage of the case, *see* Fed. R. Civ. P. 15(a), the motion to amend will be denied as moot and the two pleadings will be construed together as the "complaint." The complaint alleges that Plaintiff was denied parole because he did not provide an adequate parole plan. He contends that Defendants' actions violated his rights under the First and Fourteenth Amendments. For relief, he asks for damages and an order granting him parole at home.

Plaintiff's claim for an order granting him parole at home is not cognizable in this § 1983 action.

> Section 1983 authorizes a "suit in equity, or other proper proceeding for redress" against any person who, under color of state law, "subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution." . . . . Despite its literal applicability, however, § 1983 must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence. Such claims fall within the "core" of habeas corpus and are thus not cognizable when brought pursuant to § 1983.

*Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (citing 42 U.S.C. § 1983 and *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). As the Court of Appeals for the Tenth Circuit stated in an earlier case, "[W]here the remedy lies in providing a new parole hearing, a prisoner must file a habeas petition." *Herrera v. Harkins*, 949 F.2d 1096, 1097 (1991). Plaintiff's § 1983 claims for release on parole will

be denied without prejudice to his rights under the habeas corpus statutes.

Nor is relief available on Plaintiff's claims for damages. His claim that denial of parole violated his constitutional protections calls into question the constitutionality of Plaintiff's incarceration. This claim is barred under the decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), which held that a convicted defendant may not bring a suit for damages under § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id*. at 487. "[*Heck*] applies to proceedings that call into question the fact or duration of parole or probation." *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) (citation omitted) (precluding § 1983 claims challenging revocation of parole or probation unless revocation be invalidated); *and see Kay v. Bemis*, 500 F.3d 1214, 1221 (10th Cir. 2007). The complaint does not allege that the denial of Plaintiff's parole has been set aside, *see id*. at 486-87, and thus his constitutional claims for damages are not cognizable under § 1983. *See Webber v. Weaver*, 6 F. App'x 706, 708 (10th Cir. 2001). The Court will dismiss Plaintiff's damages claims without prejudice. *See Fottler v. United States*, 73 F.3d 1064, 1065-66 (10th Cir. 1996) (noting that plaintiff who overturns conviction may then bring § 1983 action).

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is GRANTED;

IT IS FURTHER ORDERED that Plaintiff's motion to amend (Doc. 7) is DENIED as moot, Plaintiff's complaint (Docs. 1, 7) is DISMISSED without prejudice, and judgment will be entered.

UNITED STATES DISTRICT JUDGE