**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

BERNEST BENJAMIN III,

    Plaintiff,

  v.                                                                             No. CIV 12-0506 MCA/GBW

MARK CHELLHORN,
PATRICK JENNINGS,
PROBATION AND PAROLE,
MIGUEL MONTOYA,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING MOTION TO ALTER OR AMEND JUDGMENT**

This matter is before the Court on Plaintiff's Motion to Alter or Amend Judgement (Doc. 15). The motion invokes rule 59(b) and (e) of the Federal Rules of Civil Procedure and seeks relief from the Court's order (Doc. 12) that dismissed Plaintiff's original and first amended complaints. In the order, the Court described Plaintiff's claims as based on allegations that he been denied parole because he did not provide an adequate parole plan.  Plaintiff contended that Defendants' actions violated certain of his constitutional rights and specifically asked for an order granting him parole at home as well as damages.  The Court will deny the motion.

In his motion, Plaintiff asserts that the Court misunderstood his allegations and claims.  He states that he is not seeking re-release on parole,[1] but rather compensation for unconstitutional procedures by parole officials.  Even assuming for purposes of this order that Plaintiff has relinquished his claim for release, he specifically alleged that his parole was wrongly denied and sought release on parole in both his original and first amended complaint.  As the Supreme Court

---

[1] According to the Court's docket, after the complaint was dismissed Plaintiff was released from custody.

has observed, the nature of Plaintiff's allegations and his request for parole release effectively precluded his § 1983 claims.

> [T]he Court has focused on the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement. . . .  [A] state prisoner's § 1983 action is barred (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)--if success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).  As the Court of Appeals for the Tenth Circuit has observed, Plaintiff's complaint challenged the "the outcome of a prior, defective parole hearing . . . [and not] defective parole procedures." *Berry v. Scafe*, No. 98-3194, 1999 WL 89152 (10th Cir. Feb 23, 1999); *and see Rueb v. Brown*, 504 F. App'x 720, 722 (10th Cir. 2012) ("here Plaintiff's claim is directly premised on his argument that the duration of his confinement has been illegally extended").  Plaintiff's § 1983 complaint was properly dismissed.

Plaintiff also asks the Court to consider his motion to amend (Doc. 11), which was entered on the docket the day before the Court filed its order of dismissal.  The motion seeks to add a claim of false imprisonment based on the original allegations.  Even if this claim had been considered in the dismissal order, it would have been dismissed for the same reasons that the Court dismissed Plaintiff's original claims.  The Court will deny Plaintiff's motion.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Alter or Amend Judgement (Doc. 15) is DENIED.

_____
UNITED STATES DISTRICT JUDGE